**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA,**


       v.                                   **CR NO.  06-101 (JMF)**

**ANTONIO MOLINA,**
**FERNANDO NUNEZ-ZARCO,**
**DAVID SANCHEZ,**

      **Defendants.**

---

**DETENTION MEMORANDUM**

This matter comes before me upon the application of the United States that defendants be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

A confidential informant reported to the police that "Mexicans" would be arriving in the District of Columbia trying to sell kilograms.  The confidential informant was ultimately able, by negotiating with defendants Molina and Sanchez, to forge an agreement that they would sell two kilograms of cocaine to the undercover officer.

Ultimately, the undercover officer, the confidential informant and the defendants meet in a parking lot behind a post office on Georgia Avenue to consummate the deal of $10,000 for 2 kilograms of cocaine.  The defendants had arrived in a truck that was equipped with a hidden

compartment to store the cocaine.

At the site of the transaction, the undercover officer "flashed" $10,000 to defendant Molina, who motioned to defendant Nunez to get the cocaine from the hidden compartment. Shortly thereafter, the police arrested the defendants, finding additional kilograms of cocaine in the hidden compartment.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(c).  If there is probable cause to believe that defendants committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of defendants and the safety of the community. 18 U.S.C. § 3142(e).  In determining whether there are conditions of release that will reasonably assure the appearance of these persons as required and the safety of any other person and the community, the judicial officer is to consider:

2

1.      The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.      The weight of the evidence;

3.      The history and characteristics of the person, including

   a.      His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b.      Past conduct, history relating to drug or alcohol abuse;

   c.      Criminal history;

   d.      Record concerning appearance at court proceedings;

   e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.      The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendants' release on any condition or combination of conditions will not reasonably assure the safety of the community and their detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  These defendants were obviously in the business of dealing in wholesale quantities of cocaine, complete with a hidden compartment in the truck to store their goods.

**Defendants' character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  Defendants Molina and

3

Nunez have no roots in the community whatsoever and appear to be illegal aliens.  Defendant

Sanchez claims to be in the country legally and may live in Atlanta.

**The weight of the evidence.**  The government's case is overwhelming. The entire

transaction took place in full view of an undercover and the defendants were caught red handed.

**History relating to drug or alcohol abuse; record concerning appearance at court**

**proceedings and prior criminal record; whether on probation or parole at the time of the**

**present offense.**  The defendants have not been in the country long enough to analyze these

factors.  The confidential informant's information was confirmed by what occurred.  The

informant stated that the defendants had come to Washington solely to sell the drugs.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendants should be

detained pending trial.  The defendants came to Washington to sell wholesale quantities of

cocaine and have no roots whatsoever in this community.  Indeed, one wonders if they have roots

in any American community.  There is literally nothing here to rebut the presumption of their

dangerousness created by the Bail Reform Act.  I find by clear and convincing evidence that there

are no conditions or combination of conditions I could set which would reasonably assure the

safety of the community.  I will, therefore, order the defendants detained without bond pending

trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**March 21, 2006**